IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF: ) <br> A SILVER HONDA CIVIC WITH GA LICENSE ) <br> NUMBER TAN4502 AND BLACK BAG, AS ) <br> MORE FULLY DESCRIBED IN ) <br> ATTACHMENT A ) | No. 3:21-MJ-1190 |

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, James J. Doran, being duly sworn, state the following information to be true to the best of my knowledge, information and belief:

## INTRODUCTION

1. I am a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI") and have been so employed since 2017. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516(1). I am assigned to the FBI Knoxville Field Office's violent-crime squad, High Intensity Drug Trafficking Areas ("HIDTA") Task Force. Prior to joining the FBI, I was an officer/detective for the Knox County Sheriff's Office for approximately ten years, including time as an FBI Task Force Officer on the HIDTA Task Force. During that time, I participated in the investigations of persons suspected of various violations of state and federal law. Those state and federal investigations utilized seizure warrants, search warrants, and arrest warrants. I am familiar with the way criminals sell and deliver scheduled controlled substances, drug trafficking and possess firearms to further drug trafficking. I have received investigative training in drug trafficking, as well as criminal gangs and enterprises. I have participated in numerous arrests of known violent criminals and drug distributors. I am knowledgeable about

the trends, practices, and indications of drug trafficking and gang activity and of those engaging in said criminal violations.

2. In addition, I have received training and have experience in the investigation of violations of the federal drug and money-laundering laws. As a result, I am familiar with matters including the means and methods used by persons and drug trafficking organizations ("DTOs") to purchase, transport, store, and distribute drugs, and to hide profits generated from those transactions. I also have experience in analyzing and interpreting drug codes and cryptic dialogue used by drug traffickers. In addition, I am also aware that it is common for members of DTOs to possess firearms in furtherance of their drug trafficking activities. In addition, it is also common to use electronic devices such as computers, cellular telephones, and other electronic means to communicate and store information relating to the DTO and the trafficking of drugs.

3. I learned the information in this affidavit from my personal involvement in this investigation and information obtained from other sources, including the Tennessee Bureau of Investigation ("TBI"), the Knox County Sheriff's Office ("KCSO"), the 5th Judicial District Drug Task Force ("5th DTF"), the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and other cooperating witnesses. This affidavit does not set forth every fact learned throughout the investigation; rather, it is intended to show only that there is sufficient probable cause for the requested warrant.

4. I am submitting this affidavit pursuant to Rule 41 of the Federal Rules of Criminal Procedure in support of an application for a warrant to search the following vehicle: a 2003 silver Honda Civic with GA license plate number TAN4502 ("TARGET VEHICLE"), as more fully described in Attachment A.

5. Because this affidavit is being submitted for the limited purpose of establishing probable cause for a search warrant authorizing the search of TARGET VEHICLE, I have not included each and every fact known to me concerning this investigation. Instead, I have set forth only the facts that I believe are necessary to establish probable cause to believe that TARGET VEHICLE, contains evidence, fruits, and instrumentalities of violations of Title 21, United States Code, Sections 846, and 841(a)(1), as further described in Attachment A.

## PROBABLE CAUSE

6. In the month of March 2021, 5th DTF Agent Nathan Payne was told by a confidential source (herein referred to as "CS-1") that Christina LILLIE resides at 3708 Tammy Circle, Rockford, TN 37853 and is a seller of crystal methamphetamine. CS-1 advised Agent Payne that LILLIE resides at this address with her boyfriend, Richard WILSON. CS-1 further stated that LILLIE possessed multiple firearms (including assault style rifles) that are kept at her residence. During the month of March, the 5th DTF utilized CS-1 to purchase crystal methamphetamine from LILLIE and WILSON. These crystal methamphetamine purchases occurred at 3708 Tammy Circle, Rockford, TN.

7. In the month of June 2021, Agent Payne, along with agents of KCSO and the FBI, were told by a separate and independent confidential source (herein referred to as "CS-2") that LILLIE was a seller of crystal methamphetamine and lived at 3708 Tammy Circle, Rockford, TN. CS-2 further advised that LILLIE would arm herself with a handgun during the course of illegal narcotic transactions. In addition, CS-2 stated that he/she could purchase crystal methamphetamine from LILLIE. Agents utilized CS-2 to purchase crystal methamphetamine from LILLIE on two separate occasions, the last being on June 14, 2021 at 3708 Tammy Circle, Rockford, TN.

8. On June 14, 2021, agents with the 5th DTF obtained and executed a state search warrant at 3708 Tammy Circle, Rockford, TN. During the execution of the warrant, agents seized approximately six ounces of crystal-like substance believed to be methamphetamine, approximately one-half ounce of suspected heroin, $13,138 in U.S. Currency, and several weapons. LILLIE was read her Miranda Rights and agreed to speak with Agent Payne and FBI Task Force Officer John Sharp without an attorney present.

9. LILLIE agreed to make a consensually recorded phone call to her crystal methamphetamine supplier, known as Rudy, last name unknown ("LNU"). Rudy LNU is incarcerated in prison. LILLIE contacted Rudy LNU on June 14, 2021, through phone number 706-506-6144 and set up delivery for "two" of crystal methamphetamine to her residence on June 15, 2021. Rudy LNU asked how much money and LILLIE replied the same, and both parties agreed on "65". Based on this agent's training and experience, "two" is believed to be two kilograms of crystal methamphetamine for $6,500 per kilogram. This amount is consistent with the U.S. Currency seized from LILLIE.

10. LILLIE received a phone call from 706-506-8976 that was Rudy LNU. Rudy LNU was on a three-way call with Scott, later identified as David Scott GRIFFIN. Rudy LNU advised GRIFFIN to be at the business by 11 and GRIFFIN agreed to pick it up by 12. GRIFFIN agreed to be at LILLIE's residence between 4-6 p.m. GRIFFIN has delivered crystal methamphetamine to LILLIE in the past. LILLIE consented to a search of her cell phone and provided GRIFFIN's phone number, which is 678-641-7976.

11. At approximately 10:48 a.m. on June 15, 2021, Rudy LNU contacted LILLIE using 706-506-8976 on a three-way call with GRIFFIN advising the plan was still happening and asked LILLIE to send money on cash app for gas for GRIFFIN. In the afternoon of June 15,

4

2021, LILLIE messaged GRIFFIN to find out his time of arrival. Scott LNU responded and stated approximately 8 p.m.

12. At approximately 8:51 p.m., GRIFFIN arrived in TARGET VEHICLE at 3708 Tammy Circle, Rockford, TN. Once GRIFFIN exited the vehicle, he approached the residence with a Nike Jump Man Backpack ("BACKPACK"). Once he was at the door of the residence, he detained by law enforcement. GRIFFIN possessed a handgun on his person and admitted to having a firearm in the BACKPACK. Agents had a drug detection canine (K-9) on scene. The K-9 alerted on both the BACKPACK and the TARGET VEHICLE. There is probable cause to believe that evidence of drug trafficking will be found in the TARGET VEHICLE and BACKPACK.

## CONCLUSION

Based on the foregoing, we respectfully request this Honorable Court to authorize a search of the TARGET VEHICLE and BACKPACK, as there is probable cause that it contains evidence, fruits, and instrumentalities of violations of Title 21, United States Code, Sections 846, and 841(a)(1), as further described in Attachment B.

Respectfully submitted,

_____
JAMES J. DORAN
Special Agent
FBI

Subscribed and sworn to before me on this 15TH day of June, 2021.

_____
DEBRA C. POPLIN
United States Magistrate Judge

# Attachment A

## Property to be Searched

### A 2003 Honda Civic with GA license plate number TAN4502
### (TARGET VEHICLE)





Nike Jump Man Backpack



# Attachment B

1. United States Currency;

2. Controlled substances, drug paraphernalia including packaging material, scales, and items used to weigh, package, measure, and distribute controlled substances;

3. Documents reflecting the purchase or sale of controlled substances, including drug records, drug ledgers, account books, notes, names or code names and nicknames, or identifying information reflecting customers, amounts of drugs bought and sold, and amounts of money paid, owed or collected;

4. Firearms, ammunition or other weapons used to protect drugs or proceeds of illegal drug sales, or purchased with proceeds from illegal drug sales;

5. Financial records reflecting illicitly obtained monies and/or other forms of assets acquired through the sales, trafficking, or distribution of controlled substances which include federal and state tax returns, employment papers, banking records and pass books, account information, canceled checks, deposit records, income and expenditures records, property acquisition records, money market accounts and/or similar accounts, records of stocks and/or bonds purchased or exchanged; credit card records, records reflecting the rental of safe deposit boxes; safe deposit box keys; records reflecting vehicles owned, purchased, sold or leased; and negotiable instruments, and any and all items commonly traded for controlled substances consisting in part of, and including jewelry, precious stones and metals, televisions and electronic equipment;

6. Articles of personal property and documents tending to show payment, receipt, concealment, transfer, disposition of or movement of money, including bank account records; bank statements; safe deposit box keys or records; money containers; financial records or notes; ledge books; stock certificates; certificates of deposit, bonds or other financial instruments; precious metals; or any wire transfer records, negotiated or unnegotiated checks, check stubs or receipts, traveler's checks, money orders, cashier's checks;

7. Money counting machines, money wrappers, and work sheets, tally-sheets and ledger sheets reflecting or account for monies and/or controlled substances received, disbursed or exchanged, and to include monies obtained from the sale and/or trafficking of controlled substances;

8. Records of off-site locations to store records, including safe deposit box keys, records and receipts and rental agreements for storage facilities;

9. Records regarding notes payable and receivable, IOU's and evidence of debts owed;

10. Cellular telephones and any telephone answering device or machine and any recording tapes located therein will be seized. However, the contents of such items will not be searched without a further warrant for said item(s);

11. Records, items and documents reflecting travel including passports, airline tickets, vehicle rental receipts, credit card receipts, and restaurant receipts, canceled checks, maps and records of long distances calls reflecting domestic and foreign travel;

12. Personal telephone books, address books, telephone bills, photographs, letters, cables, telegrams, facsimiles, personal notes and documents, telephone bills and records, and other items which reflect names, addresses, telephone numbers, and communications of the drug trafficking organization;

13. The above described items may be stored on magnetic or electronic storage devices including hard drives, diskettes, Compacts Disks (CDs), tapes, USB (Universal Serial Bus) storage media, Thumb Drives, other solid state types of storage media or any other media capable of storing information in a form to be read by a computer. These records include media maintained as archive or backup copies. These items will be searched on site.

14. As used above, the terms records, documents, programs, applications or materials includes records, documents, programs, applications or materials created, modified or stored in any form.

Page 2 of 2

Case 3:21-mj-01190-DCP   Document 2   Filed 06/17/21   Page 9 of 9   PageID #: 10